UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

| | |
|---|---|
| LEHIGH VALLEY 1 LLC, successor by assignment to WINDSTREAM CAPITAL LLC, successor by assignment to the UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, successor by assignment to M&T REALTY CAPITAL CORPORATION<br>　　　　　　　　　　Appellee,<br>　　v.<br><br>WHITEHALL FIDUCIARY LLC, AS TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2007; SAUCON TRUST, U/T/A DATED OCTOBER 1, 2007; WHITEHALL MANOR, INC.; and SAUCON VALLEY MANOR, INC.<br>　　　　　　　　　　Appellants. | NO.　25-3065 |

## APPELLEES' RESPONSE TO COURT'S ORDER OF OCTOBER 31, 2025 REGARDING FINALITY OF APPEAL

Appellee Lehigh Valley 1, LLC respectfully submits this response to the Court's October 31, 2025 order requesting briefing on whether the District Court's October 14, 2025 order constitutes a final, appealable order under 28 U.S.C. § 1291.

Appellee agrees with the Court's preliminary assessment that the order appealed from is not final within the meaning of Section 1291 and is therefore not immediately appealable at this time.

## THE DISTRICT COURT'S ORDER IS INTERLOCUTORY

The District Court's October 14, 2025 order granted the motion to dismiss filed by the United States Department of Housing and Urban Development ("HUD") and dismissed HUD from the consolidated action. However, the order did not resolve all claims against all parties. The underlying foreclosure actions brought by Lehigh Valley 1 LLC against Whitehall Fiduciary LLC and against Saucon Trust remain pending in the District Court.

While the dismissed third-party complaint against HUD represented an attempt by Appellants to interplead HUD into the existing foreclosure litigation, HUD's dismissal from these mortgage foreclosure matters does not resolve the primary action, and the consolidated cases will proceed with Lehigh Valley 1 LLC being the Plaintiff, and Whitehall Fiduciary LLC, and Saucon Trust being the respective Defendants in these pending actions.

Under well-established Third Circuit precedent, an order that disposes of fewer than all claims or all parties is not a final decision under Section 1291 unless the District Court has made an express determination under Federal Rule of Civil

Procedure 54(b) that there is no just reason for delay and has expressly directed entry of judgment. The District Court made no such determination here, and its order contains no Rule 54(b) certification.

This Court has consistently held that when a district court dismisses one defendant but other defendants remain, the order cannot be final for purposes of appeal. As the Court explained in *Morton International, Inc. v. A.E. Staley Manufacturing Co.*, 460 F.3d 470, 476 (3d Cir. 2006), the finality requirement serves important purposes in promoting judicial economy and avoiding piecemeal appeals. The Court in *Morton International* emphasized that absent a Rule 54(b) certification, an order resolving claims as to some but not all parties does not satisfy the finality requirement of Section 1291.

Similarly, in *Aluminum Co. of America v. Beazer East, Inc.*, 124 F.3d 551, 557 (3d Cir. 1997), this Court stated that there is no final order if claims remain unresolved and their resolution is to occur in the district court. The *Morton International Court* noted that this rule applies with particular force when the remaining claims involve the same core facts and legal issues as the dismissed claims.

In this matter, the foreclosure actions initiated by Lehigh Valley 1 LLC against Appellants remain pending before the District Court. The resolution of the

foreclosure actions will necessarily determine the ultimate rights and obligations of all parties with respect to the properties at issue.

## THE COLLATERAL ORDER DOCTRINE DOES NOT APPLY

The order also does not qualify for immediate appeal under the collateral order doctrine recognized in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). To qualify under this narrow exception to the final judgment rule, an order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment. *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994).

The District Court's order dismissing HUD based on sovereign immunity grounds does not meet these stringent requirements.

## CONCLUSION

For the foregoing reasons, Appellee respectfully submits that the District Court's October 14, 2025 order is not a final, appealable order under 28 U.S.C. § 1291. The order did not dispose of all claims against all parties, was not certified under Rule 54(b), and does not fall within the collateral order doctrine.

Accordingly, this Court lacks jurisdiction over the instant appeal, and the appeal should be properly dismissed.

Respectfully submitted,
BERGER LAW GROUP, P.C.

Date: 11/4/25    By: _____
PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
(610) 668-0774
Berger@BergerLawPC.com
Counsel for Appellee